60 F.3d 822
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bryan N. HURD, Plaintiff-Appellant,
v.
J. BEALE, Assistant Warden; Edward W. Murray, Director of
Department of Corrections; L/O Hodges; Captain
Spence; W. Robinson; E.P. Hicks,
Lieutenant, Defendants-Appellees.
 No. 95-6456.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1994.
Decided: July 5, 1995.
 
 Bryan N. Hurd, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, VA, for Appellees.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bryan N. Hurd, a Virginia state prisoner, alleged in this action that Duane Hodges, a guard at the Greensville Correctional Center, choked and slapped him on September 30, 1992. Hurd claimed that the assault occurred while another officer, Milton Boone, was escorting him to the prison's infirmary. Hurd was handcuffed at the time. He asserted that Boone did nothing to stop the assault. On November 16, 1992, Hurd allegedly again assaulted Boone, this time spitting at him. Following a bench trial, judgment was entered against Hurd, who now appeals.
 
 
 2
 Hurd, Boone, Hodges, and two other guards testified at trial. Boone testified that, as he was escorting Hurd to the infirmary, Hodges approached and said something to Hurd. Sensing that the situation might escalate, Boone stepped between Hurd and Hodges, preventing any significant physical contact between them. Hurd and Hodges proceeded to the infirmary. Although Hurd complained to the doctor that he had been assaulted, Boone testified that he witnessed no assault and that he observed no marks on Hurd's face or neck.
 
 
 3
 It was this version of the incident that the district court, as the trier of fact, found credible. We review the court's findings of fact for clear error, Fed.R.Civ.P. 52(a), and discern no error in this case. In light of the facts, the district court correctly concluded that there was no violation of the Eighth Amendment because there was no indication that force was used and, if it was used, that it was applied maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 7-10 (1992). Further, assuming that Hodges spat at Hurd in November, this act did not violate the Constitution because any force used was de minimis and was not repugnant to the conscience of mankind. See id.
 
 
 4
 As our review of the record and other materials before the court discloses that it would not aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.